UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT W. FATHERA #27927, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-cv-00176 |
| ) | Judge Trauger |
| RUDD MEDICAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

Robert W. Fathera, a pretrial detainee at the Rutherford County Adult Detention Center, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) against Rudd Medical Services. The plaintiff also filed an application to proceed as a pauper. (Doc. No. 2.) The Complaint is before the court for initial review, and as explained below, this case may proceed for further development. The plaintiff should consult the order accompanying this memorandum for instructions he must follow for this case to proceed.

**I.    Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because the plaintiff cannot pay the full filing fee in advance (*see* Doc. No. 2 at 3), his application will be granted, and the $350.00 filing fee will be assessed against him. 28 U.S.C. § 1915(b).

**II.    Initial Review**

The court must dismiss the Complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). The court must also hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

A.      **Allegations**

This case concerns the plaintiff's medical care at the Rutherford County Adult Detention Center ("Jail"). Liberally construing the complaint in the plaintiff's favor, he alleges as follows.

The plaintiff had hip replacement surgery in 2004 and was prepared to have hip revision surgery before entering the jail in November 2022. (Doc. No. 1 at 5–6.) The plaintiff's right leg is 2-3 inches shorter than his left leg, and screws are backing out his hip prosthetic. (*Id.*) It is very painful for the plaintiff to walk without a mobility device such as crutches, a cane, a walker, a wheelchair, or a shoe with a built-up sole. (*Id.*) The plaintiff requested such a device from Jail officials, and he has not received one. (*Id.*) A nurse practitioner at the Jail spoke to the plaintiff about his hip on two occasions and then raised the issue with Dr. Rudd, a doctor at the Jail. (*Id.* at 5.) On December 4, 2022, Dr. Rudd spoke to the plaintiff's doctor, and the plaintiff's doctor said that the hip revision surgery could wait until the plaintiff was no longer incarcerated. (*Id.*)

On December 27, 2022, the plaintiff started requesting treatment for his diagnosed Hepatitis C. (*Id.*) On January 3, 2023, he submitted a "nurse call" requesting treatment for both Hepatitis C and his painful, deteriorating hip. (*Id.* at 5–6.) He also submitted 7 or 8 "sick calls." (*Id.* at 6.) On January 6, 2023, a nurse practitioner came to the plaintiff's cell and asked if the plaintiff needed anything. (*Id.*) He responded, "help for [his] hip [and] treatment for Hep C." (*Id.*) The nurse practitioner responded, "nothing can be done unless its an emergency," and she offered the plaintiff ibuprofen or aspirin. (*Id.*) The plaintiff told her that such medication would not be sufficient to treat his chronic pain. (*Id.*) On January 17, 2023, the plaintiff submitted another "nurse call" requesting Hepatitis C medication and asking for an update on the hip revision surgery. (*Id.*) At the time the complaint was signed on January 22, 2023, the plaintiff had not received any treatment for either condition. (*Id.*)

B.  **Legal Standard**

On initial review, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C.  **Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

The plaintiff satisfies the first element of a Section 1983 claim by alleging that Rudd Medical Services is a private entity contracted to provide medical services at the Jail. (Doc. No. 1 at 2); *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015) ("[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983." (citing *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014)).

Next, "[p]retrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022)

(internal citations and quotation marks omitted). This claim requires the plaintiff to "show (1) that [he] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F. 4th 305, 317 (6th Cir. 2023) (internal citations and quotation marks omitted). And to impose liability on a private entity like Rudd Medical Services under Section 1983, the plaintiff must allege that the deprivation of constitutionally adequate medical care was caused by a policy or custom of Rudd Medical Services. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012).

Accepting the allegations as true, the plaintiff states a claim for denial of adequate medical care against Rudd Medical Services. The plaintiff's diagnosed Hepatitis C and painful hip problem (diagnosed by his doctor as requiring surgery) both qualify as serious medical needs. *See Helphenstine*, 60 F. 4th at 318 ("A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (quoting *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 567 (6th Cir. 2020))); *Vandiver v. Vasbinder*, 416 F. App'x 560, 562–63 (6th Cir. 2011) (referring to Hepatitis C as a "potentially life-threatening illness[]"). It is also reasonable to infer that it was reckless for jail officials to fail to provide treatment (beyond offering ibuprofen and aspirin) for these medical needs. As for a policy or custom, the plaintiff alleges that a nurse practitioner responded to his request for treatment by stating, "nothing can be done unless its an emergency." The court liberally construes this as an allegation that Rudd Medical Services has a policy or custom of refusing treatment for inmates unless the inmate has an "emergency." At this stage in the proceedings, it is reasonable to infer that this policy or custom caused the asserted deprivation of constitutionally adequate medical care. Accordingly, this case may proceed.

**III.     Conclusion**

For these reasons, the plaintiff will be granted pauper status and he may proceed with a claim for denial of constitutionally adequate medical care against Rudd Medical Services.

An appropriate order in filed herewith.

_____
ALETA A. TRAUGER
United States District Judge