UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT W. FATHERA,<br><br>    Plaintiff,<br><br>v.<br><br>RUDD MEDICAL SERVICES,<br><br>    Defendant. | Case No. 3:23-cv-00176<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

On August 30, 2023, the Court found that pro se and *in forma pauperis* Plaintiff Robert W. Fathera had not effectuated service of process on Defendant Rudd Medical Services in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 9.) The Court further found that Fathera had not kept the Court informed of his current mailing address. (*Id.*) Accordingly, the Court ordered Fathera to show cause by September 8, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rules of Civil Procedure 41(b) and 4(m) for Fathera's failure to prosecute his claims and failure to effect service of process and should extend the deadline for serving Rudd Medical Services. (*Id.*) The Court further ordered Fathera to file a notice of his current mailing address by September 19, 2023. (*Id.*). The docket shows that Fathera has not complied with the Court's show-cause order or filed a notice of his current mailing address.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b) for Fathera's failure to prosecute.

I.       **Relevant Background**

This § 1983 action arises out of Fathera's pretrial detention at the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee, where private contractor Rudd Medical Services provides medical services to individuals in RCADC's custody. (Doc. No. 1.) Fathera filed a complaint asserting civil rights claims against Rudd Medical Services and seeking $75,000.00 in damages among other requested relief. (*Id.*) Fathera listed his address as "631 Dickerson Pike, Nashville, TN 37202" (*id.* at PageID# 1, 7). In a note attached to his complaint, Fathera stated that he was in RCADC custody at the time of the filing and promised that he would "notify the Clerk's [O]ffice" "[a]s soon as [he was] released . . ." (Doc. No. 1-1, PageID# 8). The Court takes judicial notice that the address Fathera provided in his complaint matches the address of The Salvation Army Center of Hope transitional housing facility.[1] *Contact Us*, THE SALVATION ARMY TRANSITIONAL HOUSING CENTER OF HOPE, https://southernusa.salvationarmy.org/Nashville/contact-us (last visited Oct. 10, 2023) [https://perma.cc/NJK4-9J2E].

The Court granted Fathera's application to proceed *in forma pauperis*, screened his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e(c)(1), and found that Fathera has stated a colorable Eight Amendment denial of adequate medical care claim against Rudd Medical Services. (Doc. Nos. 4, 5.) The Court referred this action to the Magistrate Judge to oversee service of process, enter a scheduling order for case management, and dispose or

---

[1]      The Court may "take judicial notice of 'public records and government documents available from reliable sources on the Internet.'" *Thomas v. Haslam*, 303 F. Supp. 3d 585, 625 (M.D. Tenn. 2018) (quoting *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003)).

recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

The Court notified Fathera that he "must ensure that Rudd Medical Services is served with summons and the Complaint[,]" directed the Clerk of Court to send Fathera a service packet and an information sheet for pro se incarcerated litigants, and ordered Fathera to "complete this service packet and return it to the Clerk's Office within 30 days of" its April 18, 2023, order. (*Id.* at PageID# 23–24 (emphasis omitted).) The Court warned Fathera that "[f]ailure to return a completed service packet by the deadline could lead to dismissal of this case" and informed him that he "may request more time to comply with this order, if necessary." (*Id.* at PageID# 24.) The Court also warned Fathera that "this case may be dismissed if [he] fails to notify the Clerk's Office of any change in address." (*Id.*)

The Clerk's Office mailed the Court's April 18, 2023 memorandum opinion and order (Doc. Nos. 4, 5) to Fathera at RCADC, but the mailing was returned as undeliverable (Doc. No. 7). The Court issued an order directing the Clerk's Office to mail a copy of the order, the April 18, 2023 memorandum opinion and order, and the then-current docket sheet to Fathera at the mailing address he provided in his complaint.[2] (Doc. No. 8.) The Court reminded Fathera "that he must keep the Court informed of his current mailing address at all times while his case is pending" and that "[f]ailure do so may result in a recommendation that his case be dismissed." (*Id.* at PageID# 28.)

On August 30, 2023, the Court found that the deadline set by the Court to effectuate service of process on Rudd Medical Services had passed, that Fathera had not taken the first step of

---

[2] The Court notes that there is no indication on the docket whether these mailings were successfully delivered.

3

Case 3:23-cv-00176    Document 12    Filed 10/12/23    Page 3 of 10 PageID #: 37

returning a completed service packet, and that Fathera had not kept the Court informed of his address. (Doc. No. 9.) The Court therefore ordered Fathera to show cause by September 8, 2023, why the Magistrate Judge should not recommend that this action be dismissed under Rule 41(b) for Fathera's failure to prosecute or under Rule 4(m) for his failure to effect service of process and to file a notice of his current mailing address by September 19, 2023, as ordered. (*Id.*) The Court also directed the Clerk's Office to mail copies of the show-cause order to both addresses on record for Fathera at the RCADC and the Salvation Army Center of Hope. (*Id.*) The mailing sent to Fathera at RCADC was returned with a note that Fathera "ha[d] been released[.]" (Doc. No. 10.) The mailing sent to him at the Salvation Army was returned as "not deliverable as addressed" and "unable to forward[.]" (Doc No. 11.)

The docket shows that Fathera has not complied with the Court's show-cause order or filed a notice of his current mailing address and has not returned a completed service packet for Rudd Medical Service.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting

*Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules

further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Fathera.

A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no clear indication that bad faith motivated Fathera's failure to return a completed service packet for Rudd Medical Services, failure to keep the Court apprised of his mailing address, and failure to respond to the Court's show-cause order. But Fathera twice ignored this Court's orders requiring him to complete and return a service packet for Rudd Medical Services and then failed to respond to the Court's show-cause order. Although these orders were mailed to Fathera and returned as undeliverable, it remains Fathera's responsibility to keep the Court apprised of his current mailing address, as the Court informed Fathera at the outset of this case. (Doc. Nos. 4, 5.) The fact that Fathera's complaint listed a transitional housing facility as his mailing address (Doc. No. 8) suggests that Fathera is experiencing homelessness, but Fathera's

transient living situation does not absolve him of his responsibility in the action he initiated. *Williams v. Blanchard*, Civ. No. 3:12-0932, 2014 WL 3672105, *1–2 (M.D. Tenn. July 23, 2014) (dismissing the action for failure to prosecute where plaintiff "alternated between being incarcerated . . . and being homeless without a permanent address" because plaintiff's whereabouts were unknown and "[i]t is not the Court's duty to search out and locate the plaintiff"); *Clayborn v. Lee,* Case No. 3:22-cv-00458, 2022 WL 17420375, at *1 (M.D. Tenn. Dec. 5, 2022) (recommending Rule 41(b) dismissal even where defendants' filings mailed to plaintiff at "a shelter for people experiencing homeless[ ] were returned as undeliverable"), *report and recommendation adopted by* 2023 WL 116344 (M.D. Tenn. Jan. 5, 2023).

"Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Bryant v. Warden, Franklin Cnty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that pro se plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted by* 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that pro se plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault). This factor therefore weighs in favor of dismissal.

B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in

7

original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Rudd Medical Services has not been served or appeared in this action and therefore has not wasted any time, money, or effort in pursuit of cooperation that Fathera was legally obligated to provide. This factor weighs against dismissal.

    **C.**    **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Fathera that failure to timely complete the service packet and return it to the Clerk's Office and failure to keep the Court informed of his current mailing address could lead to the dismissal of his case. (Doc. Nos. 5, 8.) Further, the Court's show-cause order explicitly warned Fathera that failure to respond to it would likely lead to a recommendation that his claims

be dismissed for failure to prosecute. (Doc. No. 9.) This factor weighs in favor of dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Fathera's failure to prosecute his claims.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 12th day of October, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge